UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

MICHAEL A. RICHARDSON,

Plaintiff

v.

RENEE BAKER, et al.,

Defendants

Case No. 3:18-cv-00363-RCJ-CBC

ORDER

## I.    DISCUSSION

On May 29, 2019, this Court issued a screening order that:  1) dismissed without prejudice and without leave to amend claims challenging the duration of Plaintiff's confinement, because those claims were barred by *Heck v. Humphrey*, 512 U.S. 477 (1994); 2)  dismissed with prejudice Plaintiff's federal claims challenging the calculation of Plaintiff's parole eligibility date, because Plaintiff did not and could not state a colorable claim; and 3) dismissed the state law claims for lack of jurisdiction.  (ECF No. 4).   The Clerk of the Court entered judgment the same day.  (ECF No. 6.)

On June 7, 2019, Plaintiff, with the help of another inmate, filed a motion to vacate judgment pursuant to Federal Rules of Civil Procedures 59(e) and 60(b)(1) and filed a motion for leave to amend his civil rights complaint.  (ECF No. 7 at 1-14.)  Plaintiff included a proposed first amended complaint with these motions.  (ECF No. 7 at 15-58).

Upon motion by a party within twenty-eight days of the entry of judgment, the Court may alter or amend its findings under Federal Rule of Civil Procedure 59(e). Fed. R. Civ. P. 59(e).  A party may seek reconsideration under Federal Rule of Civil Procedure 60(b). Fed. R. Civ. P. 60(b).  "Reconsideration is appropriate if the district court (1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." *Sch. Dist. No. 1J, Multnomah Cty., Or. v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993).  A motion for reconsideration "may not be used to raise arguments or present evidence for the first

1

time when they could reasonably have been raised earlier in the litigation." *Carroll v. Nakatani*, 342 F.3d 934, 945 (9th Cir. 2003). District courts have discretion regarding whether to grant a motion to amend under Rule 59(e) or 60(b). *Wood v. Ryan*, 759 F.3d 1117, 1121 (9th Cir. 2014).

In the motion to vacate judgment, Plaintiff appears to be arguing that the Court clearly erred in its screening order because: 1) the Court improperly determined that some of his claims were barred by *Heck v. Humphrey*, 512 U.S. 477 (1994); and 2) the Court improperly concluded that Plaintiff could not state a due process claim based on the allegedly improper calculation of Plaintiff's parole eligibility dates. (ECF No. 7 at 9.) The Court will address each argument in turn.

## A. *Heck* and *Wilkinson*

In its screening order, the Court relied on *Heck v. Humphrey*, 512 U.S. 477 (1994), and *Wilkinson v. Dotson*, 544 U.S. 74, 81-82 (2005), to determine that, to the extent Plaintiff was seeking damages based on an allegation that he had served too much time in prison or will be serving too much time in prison, he was barred from pursuing such claims as he had not alleged that a court previously has invalidated the duration of his sentence or confinement. (ECF No. 4 at 5). The Court therefore dismissed those claims without prejudice and without leave to amend. (*Id.*)

In his motion to vacate the judgment, Plaintiff alleges that his claims are not barred because: 1) he is seeking damages rather than the restoration of his good time credits; and 2) he cannot currently obtain habeas relief because his habeas petition was rejected on mootness grounds, so he is not required to have another court invalidate the duration of his confinement before challenging the duration of confinement in this § 1983 action. (ECF No. 7). Plaintiff is incorrect on both grounds.

First, the fact that Plaintiff is seeking monetary damages rather than the restoration of credits does not excuse Plaintiff from meeting the requirements of *Heck* and *Wilkinson*. In fact, *Heck* itself involved a request for damages, not injunctive relief. *Heck*, 512 U.S. 479. In *Heck* the Supreme Court held that, in order to recover damages for allegedly

unconstitutional imprisonment "a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254." *Id.* at 486-87. A claim for damages "bearing that relationship to a conviction or sentence that has *not* been so invalidated is not cognizable under § 1983." *Id.* at 487. Thus, as the Court explained in its screening order, the Supreme Court has held that "a state prisoner's § 1983 action is barred (absent prior invalidation)–no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings)–if success in that action would necessarily demonstrate the invalidity of confinement or its <u>duration</u>." *Wilkinson v. Dotson*, 544 U.S. 74, 81-82 (2005) (emphasis added).

Here, Plaintiff unquestionably is challenging the duration of his confinement. Indeed, in his motion to vacate the judgment, Plaintiff maintains that he is challenging Defendants' "failure to properly calculate his sentence" and asserts that they violated his Fourteenth Amendment rights "by making him serve more time than necessary." (ECF No. 7 at 4). Plaintiff appears to concede that he has not had the duration of his confinement invalidated by another court. *Id.* Therefore, Plaintiff's claims challenging the amount of time he served on his sentences are barred by *Heck*.

Second, the fact that a state court rejected Plaintiff's habeas petition as moot because Plaintiff's sentences already had expired does not relieve Plaintiff of his obligation to meet the requirements of *Heck*. A failure to timely pursue habeas remedies does not exempt a Plaintiff from the requirements of *Heck* even if habeas relief is now impossible as a matter of law. *Guerrero v. Gates*, 442 F.3d 696-97 (9th Cir. 2006); *Cunningham v. Gates*, 312 F.3d 1148, 1153 n.3 (9th Cir. 2002), *as amended on denial of reh'g* (Jan. 14, 2003).

Here, Plaintiff maintains that, when statutory amendments went into effect in 2007, more credits should have been applied to the maximums on the sentences he had served

and the sentence he was still serving and, because those credits were not retroactively applied to his sentences, his sentences were not reduced as they should have been. (ECF No. 7 at 19, 29). Although those amendments have been in effect for over ten years and allegedly have been affecting him for that period of time, it appears that Plaintiff did not seek a state court order invalidating the terms of his sentences based on the alleged failure to apply these amendments to Plaintiff. Accordingly, the Court did not err in its screening order when it determined that Plaintiff had not complied with the requirements of *Heck*.

### B. Due Process Claims Relating to Parole Eligibility Dates

In the screening order, the Court determined that *Heck* and *Wilkinson* did not bar Plaintiff's claims regarding the calculation of his parole eligibility dates in accordance with NRS 209.4465(7)(b). (ECF No. 4 at 6). In his original complaint, Plaintiff relied on *Williams v. State Dep't of Corr.*, 402 P.3d 1260, 1262 (Nev. 2017), to argue that the statutory provision that applied to him at the time he committed his offenses, NRS § 209.4465(7)(b), was not properly applied to him, resulting in incorrect calculations of his parole eligibility dates. (ECF No. 1-1 at 3-6, 20). However, the Court dismissed the due process claims with prejudice because allegations that a defendant violated state law are not sufficient to state a colorable due process claim and because Plaintiff did not and could not allege a liberty interest in the correct calculation of his parole eligibility dates. (ECF No. 4 at 6-8).

It appears that Plaintiff is taking a new tactic now and wants to amend the complaint to allege that the 2007 amendments to NRS 209.4465 entitled him to have credits applied to him retroactively when calculating his parole eligibility dates, but these credits were not applied to his parole eligibility dates. (ECF No. 7 at 19, 29). This appears to be a different theory of liability from his original complaint.

Even if the original complaint could be construed to include such a theory, Plaintiff still could not state a due process claim. Both theories are based on a broader proposition that Plaintiff has a liberty interest in a parole eligibility date. However, even if Plaintiff

were correct[1] about being entitled to have more credits applied to his parole eligibility dates due to the 2007 amendments, he still would not have a liberty interest. In the motion to vacate, Plaintiff insists that a mere error of state law is a violation of due process and that he has a liberty interest in receiving good time credits. (ECF No. 7 at 5-7). As the Court explained in the screening order, the Supreme Court has made it clear that a violation of state law is not sufficient to state a due process claim. *Swarthout v. Cooke*, 562 U.S. 216, 216 (2011). Standard due process analysis requires the existence of a liberty or property interest and, when there is such a liberty interest or property interest, the only other issue is whether the plaintiff was deprived of that interest without the constitutionally required procedures. *Id.* at 219-20. Nevada state prisoners do not have a liberty interest in parole or parole eligibility. *See Moor v. Palmer*, 603 F.3d 658, 661-62 (9th Cir. 2010); *Fernandez v. Nevada*, No. 3:06-CV-00628-LRH-RA, 2009 WL 700662, at *10 (D. Nev. Mar. 13, 2009).

Plaintiff relies on *Wolff v. McDonnell*, 418 U.S. 539 (1974), to argue that he has a liberty interest in receiving good time credits.[2] In *Wolff*, the Supreme Court drew on the law concerning parole revocation and probation revocation to address the issue of what procedural protections were required for the disciplinary revocation of good time credits. *Wolff*, 418 U.S. 539. However, in *Sandin v. Conner*, 515 U.S. 472 (1995), the Supreme Court characterized the issue in *Wolff* as a liberty interest in a "shortened prison sentence" which resulted from a statutory requirement that good time credits were revocable only if the prisoner was guilty of serious misconduct. *Sandin*, 515 U.S. at 477 (quoting *Wolff*, 418 U.S. at 557). The Supreme Court then went on to hold that, even when a state statute

---

[1] It appears that Plaintiff is not correct. In 2007, NRS 209.4465(1) was amended to increase the amount of credits from 10 to 20 days per month. 2007 Nev. Stat., ch. 25, § 5, at 3176. That provision applied retroactively "to reduce the minimum term of imprisonment of an offender described in subsection 8 of NRS 209.4465." 2007 Nev. Stat., ch. 25, § 21(a), at 3196. NRS 209.4465(8)(d), in turn, provided that credits earned pursuant to NRS 209.4465 did <u>not</u> apply to an offender's minimum term of incarceration if he was convicted of a category B felony. 2007 Nev. Stat., ch. 25, § 5, at 3177. Plaintiff alleges that his offenses all were category B offenses. (ECF No. 7 at 7). He therefore was not entitled to have more credits applied to the calculation of his parole eligibility date. *See Lopez v. Baker*, 434 P.3d 927 (Nev. 2019) (unpublished)

[2] Plaintiff has not alleged that he was deprived of any constitutionally required procedures. There is no point in giving Plaintiff leave to amend to allege such deprivations because he does not have a liberty interest.

uses mandatory language, a state can create a liberty interest that invokes procedural protections under the Due Process Clause only if the state's action "will *inevitably* affect the duration of his sentence" or if there are prison conditions that impose "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Sandin*, 515 U.S. at 484, 487 (emphasis added).

Thus, the issue is whether the alleged failure to apply more credits to Plaintiff's parole eligibility dates would inevitably affect the duration of plaintiff's sentences. It would not. Plaintiff is not challenging the application of credits to his maximum sentence. Plaintiff's claim regarding application of more credits to his parole eligibility affects when Plaintiff would be considered for parole, not when he would be entitled to be released. This is true regardless of whether he relies on *Williams* or the 2007 amendments. In Nevada, the decision whether to grant parole is highly discretionary and the person seeking parole is not entitled to parole. NRS 213.1099(1), (2); *Moor v. Palmer*, 603 F.3d 658, 661–62 (9th Cir. 2010). Therefore, earlier consideration for parole does not inevitably affect the duration of a prisoner's sentence. *See Wilkinson v. Dotson*, 544 U.S. 74, 82 (2005) (holding that speeding up *consideration* for parole does not necessarily imply the invalidity of the duration of the prisoner's sentence); *Andrews v. Torres*, 594 F. App'x 450, 451 (9th Cir. 2015) (holding that claim seeking recalculation of minimum eligible parole date was not barred by *Heck* because such an outcome would not necessarily result in earlier release or imply the invalidity of the prisoner's continued confinement); *Klein v. Coblentz*, 1997 WL 767538, *4 (10th Cir. 1995) (relying on *Sandin* to hold that, where good time credits applied under state law only to determining the prisoner's parole eligibility date and not to a sentence reduction, the loss of credits did not inevitably increase the duration of the sentence and there was no liberty interest invoking due process requirements); *Dodge v. Shoemaker*, 695 F. Supp. 2d 1127, 1139 (D. Colo. 2010).

Thus, regardless of what theory Plaintiff relies upon to claim that he did not have the right number of credits applied to his parole eligibility date, he does not and cannot allege a liberty interest, and he therefore does not and cannot state a due process claim.

Accordingly, the Court did not err when it dismissed the due process claims with prejudice, and there is no basis for granting Plaintiff leave to amend his due process claims.

## II.     CONCLUSION

For the foregoing reasons, it is ordered that the motion to vacate judgment and the motion to amend the complaint (ECF No. 7) are denied.

Dated:  This 13th day of August, 2019.

UNITED STATES DISTRICT JUDGE